15-13-bk
Ralph H. Drake, Jr. v. United States of America, on behalf of Internal Revenue Service.


UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand and fifteen.

Present:
        PIERRE N. LEVAL,
        PETER W. HALL,
        GERARD E. LYNCH,

                *Circuit Judges.*
_____

RALPH H. DRAKE, JR.

                *Debtor-Appellant,*

        v.                                                        No. 15-13-bk

UNITED STATES OF AMERICA, ON BEHALF OF INTERNAL REVENUE SERVICE,

                *Appellee.*
_____


For Debtor-Appellant:        STEPHEN J. WAITE, Waite & Associates, P.C., Albany, NY, *for Debtor-Appellant.*

For Appellee:                RACHEL I. WOLLITZER, Department of Justice, Washington, D.C. (Francesca Ugolini and Caroline D. Ciraolo, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY, *for Appellee.*

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Ralph H. Drake, Jr., a debtor under Chapter 7 of the U.S. Bankruptcy Code, objects to a proof of claim filed by the Internal Revenue Service ("IRS"). The Bankruptcy Court (Littlefield, Jr., *J.*) denied Drake's objection, and the District Court (Kahn, *J.*) affirmed the Bankruptcy Court's decision. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

The government argues that we should vacate the judgment of the district court because the Appellant lacked standing under 11 U.S.C. § 502 to object to the IRS's proof of claim in the bankruptcy proceedings. We need not reach this issue, however, because whether a Chapter 7 debtor may object to a proof of claim is a question of statutory standing. Such questions do not generally implicate the subject-matter jurisdiction of a federal court unless "Congress clearly states that a limitation on a statute's scope is jurisdictional." *Paulsen v. Remington Lodging & Hospitality, LLC*, 773 F.3d 462, 468 (2d Cir. 2014). We have held that other limitations in the Bankruptcy Code are "decisively" nonjurisdictional. *In re Zarnel*, 619 F.3d 156, 169 (2d Cir. 2010) (holding that 11 U.S.C. §§ 109, 301, and 303 presented nonjurisdictional limits on who was eligible for bankruptcy relief). Nothing in § 502 refers to jurisdiction or indicates that Congress intended the "party in interest" limitation to be jurisdictional in nature.

We therefore assume without deciding that Appellant had standing to object to the IRS's proof of claim in the bankruptcy court. After reviewing the issues on appeal and the record of

2

the proceedings below, we conclude that the bankruptcy court did not err in denying Appellant's objection to the IRS's proof of claim on the merits and did not abuse its discretion in doing so without holding a hearing. Appellant was given "notice and a hearing" as required by 11 U.S.C. § 502(b). *See* 11 U.S.C. § 102(1)(A) (defining "notice and a hearing" as used in § 502 to mean "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances"), and the evidence was sufficient to support the bankruptcy court's allowance of the IRS claim.

Accordingly, we AFFIRM the judgment of the district court.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3